MEMORANDUM **
In these consolidated petitions for review, Lorena Gonzalez Delgado, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals’ (“BIA”) order summarily affirming an immigration judge’s decision denying her application for cancellation of removal and the BIA’s order denying her motion to reopen. We dismiss in part and deny in part the petitions for review.
We lack jurisdiction to review the agency’s discretionary determination that Gonzalez Delgado failed to show exceptional and extremely unusual hardship to a qualifying relative. See Martinez-Rosas v. Gonzales, 424 F.3d 926, 930 (9th Cir.2005).
Gonzalez Delgado’s contention that the agency deprived her of due process by misapplying the law to the facts of her case does not state a colorable due process claim. See id. (“[traditional abuse of discretion challenges recast as alleged due process violations do not constitute color-able constitutional claims that would invoke our jurisdiction.”); see also Sanchez-Cruz v. INS, 255 F.3d 775, 779 (9th Cir. 2001) (holding that the “misapplication of case law” may not be reviewed).
Contrary to Gonzalez Delgado’s contention, the agency’s interpretation of the hardship standard falls within the broad range authorized by the statute. See Ramirez-Perez v. Ashcroft, 336 F.3d 1001, 1004-06 (9th Cir.2003).
The evidence Gonzalez Delgado presented with her motion to reopen concerned the same basic hardship grounds as her application for cancellation of removal. See Fernandez v. Gonzales, 439 F.3d 592, 602-03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA’s discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. See id. at 601.
Our conclusion that we lack jurisdiction to review the BIA’s determination that Gonzalez Delgado did not make out a pri-ma facie case of hardship forecloses her argument that the BIA denied her due process by failing to adequately explain its reasons for denying the motion to reopen and failing to consider and address the entirety of the evidence she submitted with the motion to reopen. See id. at 603-04.
PETITIONS FOR REVIEW DISMISSED in part; DENIED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.